IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01296-BNB

KENNETH A. MORRIS,

    Plaintiff,

v.

DIRECTOR CHARLES SAMUELS,
REGIONAL DIRECTOR P. LAIRD,
FLORENCE ADX WARDEN D. BERKEBILE,
ASSOCIATE WARDEN HALL,
ASSISTANT MEDICAL ADMINISTRATOR CORDOVA,
ASSOCIATE WARDEN S. JULIAN,
CLINICAL DIRECTOR DOCTOR ALLRED,
PSYCHOLOGIST H. O'NEIL,
PSYCHOLOGIST J. COULTER, and
TELE-PSYCHIATRY DOCTOR SERASIN,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

    Plaintiff, Kenneth A. Morris, is in the custody of the Federal Bureau of Prisons and currently is incarcerated at ADX Florence.  Plaintiff initiated this action by filing *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  The Court granted the § 1915 Motion on June 6, 2014.  The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  The Court will direct Plaintiff to file an Amended Prisoner Complaint for the following reasons.

    The Court finds that the Complaint does not comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the  is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix pleadings violate the requirements of Rule 8.

Plaintiff fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  Plaintiff's Complaint is repetitive and disjointed due to the two separate pleadings that he submitted to the Court on June 5, 2014.  The Court, therefore, will direct Plaintiff to file an Amended Complaint that complies with the pleading requirements of Rule 8.  Plaintiff is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir.

1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or

3

possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.  Accordingly, it is

ORDERED that Plaintiff file all of his claims on one Amended Complaint and comply with the directions above, **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant) along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Court shall proceed to review the merits of only the claims that are asserted against proper defendants in the Complaint filed on May 7, 2014.  It is

FURTHER ORDERED that pursuant to the Information and Instructions for Filing a Prisoner Complaint at page 2, available at www.cod.uscourt.gov, Plaintiff is not required to provide copies to the Court for service on defendants.

DATED June 6, 2014, at Denver, Colorado.

                                              BY THE COURT:

                                              s/Craig B. Shaffer

                                              United States Magistrate Judge