IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01296-BNB

KENNETH A. MORRIS,

      Plaintiff,

v.

DIRECTOR CHARLES SAMUELS,
REGIONAL DIRECTOR P. LAIRD,
FLORENCE ADX WARDEN D. BERKEBILE,
ASSOCIATE WARDEN HALL,
ASSISTANT MEDICAL ADMINISTRATOR CORDOVA,
ASSOCIATE WARDEN S. JULIAN,
CLINICAL DIRECTOR DOCTOR ALLRED,
ADX PSYCHOLOGIST H. O'NEIL,
ADX PSYCHOLOGIST J. COULTER, and
TELE-PSYCHIATRIST DOCTOR SERASIN

      Defendants.

---

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Plaintiff, Kenneth A. Morris, is in the custody of the Federal Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado.  Plaintiff initiated this action by filing, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

On June 6, 2014, Magistrate Judge Boland directed Plaintiff to amend the Complaint pursuant to Fed. R. Civ. P. 8.  Specifically, Plaintiff was directed to assert his claims in a short and plain statement showing that he is entitled to relief and how each

responsible defendant participated in the constitutional violation.  Plaintiff also was instructed that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior and that to state a claim against a government official for conduct that arises out of supervisory responsibilities Plaintiff must state that the official is responsible for creating, implementing, or the continued operation of a policy, caused the harm, and acted with a state mind required to establish the alleged deprivation.  Plaintiff filed an Amended Complaint on July 16, 2014.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint when a prisoner is seeking redress from officers or employees of a governmental entity and dismiss the Complaint, or any portion of the Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons discussed below, the Court will dismiss the Amended Complaint in part and order the remaining claims drawn to a presiding judge and when applicable to a magistrate judge.

Plaintiff asserts four claims in the Amended Complaint, including (1) a violation of his Fifth Amendment rights when Defendants Samuels and Laird directed his placement at the ADX control unit in spite of his mental illness and serious medical and dental issues; (2) refusal by Defendants O'Neil, Coulter, Serasin, and Julian to adequately

2

treat his Attention Deficient Hyperactivity Disorder (ADHD); (3) continual denial of corrective surgery by Defendants Laird, Berkebile, Hall, Cordova, and Allred for the past eleven months after Plaintiff's sinus was damaged during a surgical removal of a tooth; and (4) continual denial by Defendants Berkebile, Hall, Cordova, and Allred of a liver biopsy, which was approved in November 2012 to detect the possible level of damage to his liver after he tested positive for the Hepatitis C virus.  Plaintiff seeks injunctive relief.

Claim One will be dismissed for the following reasons.  The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law."  U.S. Const. Amend. V.  "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty' . . . ."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Unless an inmate faces a condition of confinement that imposes an atypical and significant hardship in relation to the ordinary incidents of prison life no liberty interest is implicated.  *Id.* at 223.  Furthermore, federal prisoners generally enjoy no constitutional right, *per se*, to placement in any particular penal institution.  *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Cupples v. Pugh*, 2000 WL 177411 *2, 203 F.3d 834 (10th Cir. Feb. 16, 2000) (table) (applying *Olim* to transfer of prisoner in BOP facility).  Finally, Defendants Samuels and Laird's alleged failure to comply with prison policies that disallow the placement of prisoners who are mentally ill and have medical and dental issues at the ADX Control Unit does not state a violation of Plaintiff's constitutional rights.  In *Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer,* 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a

3

constitutional violation." Even if the result of the transfer was an atypical and significant hardship due to the lack of proper available treatment for Plaintiff's conditions, Plaintiff fails to state personal participation by Defendants Samuels and Laird in the lack of proper treatment of Plaintiff's conditions once he was placed at ADX.

Furthermore, a defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he causes. *See Dodds v. Richardson, et al.*, 614 F.3d 1185, 1208-13 (10th Cir. 2010) (Tymkovich, J., concurring). Even if the Court were to find that Defendants Samuels and Laird acknowledged Plaintiff's alleged medical conditions when they signed and approved his placement at ADX, the reliance on the placement document "negates rather than supports liability." *See Phillips v. Tiona*, 2013 WL 239891 at *6 (citing *Araceae v. Nafziger*, 367 F. App'x 942, 956 (10th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1010-11 (7th Cir. 2006) (a prison official may reasonably rely on the judgment of medical professionals). Nothing Plaintiff asserts against these Defendants demonstrates that they personally participated in the alleged violation of Plaintiff's Fifth Amendment rights. Claim One as asserted against Defendants Samuels and Laird will be dismissed as legally frivolous.

Claim Two also will be dismissed as legally frivolous. Plaintiff asserts that he has been diagnosed with Attention Deficit Hyperactivity Disorder (ADHA). He further asserts that Defendants O'Neil and Coulter, who are psychologists, Dr. Serasin, and Associate Warden Julian refuse to provide any adequate treatment options for the

4

disorder.  Plaintiff contends that there are "non-formulary" medications that can be prescribed, but Defendants O'Neil, Coulter, Serasin, and Julian refuse to recommend these medications and only provide him with "off-label" medications, which have "no meaningful results."  Am. Compl., ECF No. 15, at 10.  Plaintiff contends that Defendants Coulter and Serasin have told him that the Bureau of Prisons does not officially treat ADHA and that Defendants O'Neil, Coulter, Serasin, and Julian know there is a process to authorize a non-formulary prescription but refuse to utilize the process even though they know he is suffering.

A disagreement regarding treatment is not sufficient to maintain a deliberate indifference claim.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).  Whether a course of treatment is appropriate "is a classic example of a matter for medical judgment," that is insufficient to sustain a claim under the Eighth Amendment.  *Estelle*, 429 U.S. at 107 (noting that medical decision to forego one form of treatment may be negligence but is not a constitutional violation).  *See also Perkins v. Kansas Dep't Corrs.*, 165 F .3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) ("a difference of opinion does not support a claim of cruel and unusual punishment") (citations omitted); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician . . . is . . . insufficient to establish a constitutional violation.") (citations omitted).

Plaintiff's disagreement with Defendants' refusal to provide him with a non-formulary medication does not rise to the level of a constitutional violation.  His claim

5

that a non-formulary medication would have better results than the off-label medications he receives is speculative.

Furthermore, his claim that he is "suffering," is conclusory and vague and fails to state a injury sufficient to support an Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) (stating that cruel and unusual punishment involves more than ordinary lack of due care for a prisoner's interests and safety). To establish liability under the Eighth Amendment, Plaintiff must show, in part, that Defendants acted with deliberate indifference to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

The core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992). "[T]he Eighth Amendment, which specifically is concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners." *Whitley*, 475 U.S. at 327; *see also Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995) (noting that the Eighth Amendment is the explicit textual source of constitutional protection in the prison context). Deliberate indifference requires a higher degree of fault than gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990).

Plaintiff does not assert any specific symptoms. Nothing Plaintiff asserts indicates that Defendants know Plaintiff faces a substantial risk of serious harm and are

disregarding the risk by failing to take reasonable measures.  Plaintiff's Eighth

Amendment claim as it pertains to his ADHD, therefore, will be dismissed as legally

frivolous.

Claims Three and Four as asserted against Defendants Berkebile, Hall, Cordova,

and Allred will be drawn to a presiding judge and when applicable to a magistrate judge.

Accordingly, it is

ORDERED that Claims One and Two are dismissed with prejudice pursuant to

28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.  It is

FURTHER ORDERED that because Claims One and Two are dismissed

Defendants Charles Samuels, P. Laird, S. Julian, J. Coulter, H. O'Neil, and Dr. Serasin

will be terminated from this action.  It is

FURTHER ORDERED that Claims Three and Four as asserted against

Defendants D. Berkebile, Warden Hall, Cordova, and Dr. Allred shall be drawn to a

presiding judge and if appropriate to a magistrate judge.

DATED at Denver, Colorado, this   22nd   day of ___July_____, 2014.

BY THE COURT:

  s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court