IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01296-KLM

KENNETH A. MORRIS,

    Plaintiff,

v.

D. BERKEBILE, Florence ADX Warden,
CORDOVA, Assistant Medical Adminstrator,
HALL, Associate Warden, and
ALLRED, Clinical Director Doctor,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Reconsider** [#22]; on Defendants' **Motion to Dismiss** [#28]; on Plaintiff's **Motion for an Order from This Court Instructing Defendants to Answer the Complaint and to Produce Plaintiff's Complete Medical File and a Copy of B.O.P. Manual for the "Prevention and Treatment of Hepatitis C and Cirrhosis"** [#29] (the "Motion for Order"); on Defendant Cordova's **Motion to Dismiss** [#31]; and on Plaintiff's **Response to Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to File Second Amended Complaint** [#33] (the "Motion to Amend").

    Regarding Plaintiff's Motion to Amend [#33], the Court first notes that Plaintiff violates Local Rule 7.1(d), which states that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document." However, the Court does not strike Plaintiff's Motion to Amend in this instance because the substance of the filing is not actually responsive to Defendants' Motions to Dismiss [#28, #31] and instead seeks leave to file an amended complaint. However, Plaintiff is warned that **future filings that do not comply with the Local Rules may be stricken without further warning**.

    Under Fed. R. Civ. P. 15(a)(1)(B), a party may amend his complaint once as a matter of course within "21 days after service of a motion under Rule 12(b)," and Plaintiff has here requested leave to file an amended complaint within a timely manner.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Amend [#33] is **GRANTED**. The Clerk of Court shall accept Plaintiff's Third Amended Complaint [#33-1] for filing as of the date of this Minute Order.[1]

IT IS FURTHER **ORDERED** that the Motions to Dismiss [#28, #31] are **DENIED as moot**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F.Supp.2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

IT IS FURTHER **ORDERED** that the Motion for Order [#29] is **DENIED in part and DENIED as moot in part**. The Motion is **denied** to the extent Plaintiff seeks an order requiring Defendants to provide him with certain discovery. Plaintiff's request is premature because a Scheduling Conference has not yet been held in this matter and the discovery period has not yet begun. The Motion for Order is **denied as moot** to the extent Plaintiff seeks an order requiring Defendants to file an answer to the now superseded complaint in this matter.

Finally, regarding the Motion to Reconsider [#22], Plaintiff asks the Court to reconsider dismissal of certain claims and Defendants by allowing him to file an amended complaint addressing these issues. [#22] at 2 (stating that Plaintiff's "request is that this Court allow for a small period of time that Complaints #1 and #2 be Amended"). To the extent that Plaintiff has now been permitted to file an amended complaint, his request appears to be moot. Accordingly,

IT IS FURTHER **ORDERED** that the Motion to Reconsider [#22] is **DENIED as moot**.

Dated: October 9, 2014

---

[1] Plaintiff has previously amended his complaint as part of the Court's pro se review process, but he has not previously amended his complaint in respond to a motion to dismiss.