IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01296-KLM

KENNETH A. MORRIS,

    Plaintiff,

v.

DAVID ALLRED, Clinical Director,

    Defendant.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Order to Show Cause** [#52].[1]  The Court ordered Plaintiff to show cause "as to why this case should not be dismissed for his failure to comply with the Local Rules and to prosecute this lawsuit." *Order to Show Cause* [#52] at 2.  Plaintiff's deadline for compliance with the Order to Show Cause [#52] was January 26, 2016.  To date, Plaintiff has neither filed a response nor contacted the Court in any manner.

Although Plaintiff is proceeding in this lawsuit without an attorney, he bears the responsibility of prosecuting his case with due diligence.  The Court must liberally construe pro se filings; however, pro se status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants.  *See Green v. Dorrell*,

---

[1] "[#52]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As noted in the Order to Show Cause, when Plaintiff instigated this lawsuit, he was an incarcerated individual. *See Compl.* [#1]. On October 20, 2015, the Court held a Scheduling Conference, in which Plaintiff informed the Court that he would be released from custody on November 2, 2015. *See generally Minutes* [#50]. In the Notice, Defendant confirms that "Plaintiff was released to the public [on November 2, 2015], and did not enter the custody of a halfway house or other community corrections center." [#51] at 1. Defendant states that Plaintiff has not contacted him to provide an updated address or other contact information. *See also Motion to Dismiss* [#54] at 1-2 (stating that as of February 12, 2016, Plaintiff still had not contacted Defendant since his release from incarceration). Plaintiff has also not contacted the Court since the hearing on October 20, 2015. The Order to Show Cause issued on January 5, 2016, was returned to the Office of the Clerk as undeliverable [#53]. The postal service printed on the return envelope: "Return to Sender, Not Deliverable as Addressed, Unable to Forward." [#53].

D.C.COLO.LCivR 5.1(c) requires that any change of address (or other contact information) be noticed to the Court within five days of such change. Plaintiff is thus under a continuing obligation to inform the Court of any changes in his contact information. To date, the docket does not reflect the filing of a notice by Plaintiff regarding an address change. Because Plaintiff has failed to update his present contact information with the Court, the Court and Defendant have no means of contacting him in connection with this litigation.

The Court warned Plaintiff in the Order to Show Cause that his failure to timely

comply with the instruction to respond would result in dismissal of this matter due to Plaintiff's failure to prosecute. [#52] at 2. Given Plaintiff's failure to comply with the instruction stated in the Order to Show Cause [#52], the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

Here, it is clear that Plaintiff has no present intention of seeking resolution of this matter on the merits.  Plaintiff has failed to update his contact information with the Court in the nearly four months since his release from incarceration and, thus, the Court and Defendant have no means of contacting him in connection with this litigation.  Further, Plaintiff has disobeyed a direct order of the Court by failing to file a response to the Order to Show Cause regarding his intent to prosecute this case.  These facts demonstrate that Plaintiff has abandoned his lawsuit, and consideration of the above-stated *Ehrenhaus* factors weigh in favor of dismissal without prejudice.[3]  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#52] is **MADE ABSOLUTE**.  Thus,

IT IS FURTHER **ORDERED** that Plaintiff's Third Amended Complaint [#36] is **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **CLOSE** this case.

Dated:  February 25, 2016        BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[3] Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness).